IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JAIME MOLINA,

    Plaintiff,

v.

FIRSTSOURCE FINANCIAL SOLUTIONS, LLC

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, JAIME MOLINA ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Manatee, and City of Bradenton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, FIRSTSOURCE FINANCIAL SOLUTIONS ("Defendant") is a limited liability company who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated May 19, 2011, in which Defendant claimed Plaintiff owed an alleged debt of $1,019.20. (See correspondence dated May 19, 2011, attached hereto as Exhibit "A").

12. Plaintiff sent Defendant written communication, via certified mail, received by Defendant on May 26, 2011, at 9:06 A.M., in which Plaintiff stated, in relevant parts, as follows:

> "Please do not provide the account details as reported to the credit bureaus, however, please provide actual proof of ownership by showing the original signed contract or equivalent…" and

"Also, if you fail to comply, I refuse to pay you and demand you stop all communications with me (cease & desist)." (See correspondence dated May 26, 2011, attached hereto as Exhibit "B").

13. Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant sent further communication attempting to collect said debt to the Plaintiff's residence in the form of a letter dated June 29, 2011. (See correspondence dated June 29, 2011, attached hereto as Exhibit "C").

14. Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant sent Plaintiff written communication attempting to collect said debt dated August 22, 2011. (See correspondence dated August 22, 2011, attached hereto as Exhibit "D").

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14.

16. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demand a trial by jury.

Respectfully submitted this 15th day of December, 2011.

Respectfully submitted,
**JAIME MOLINA**


By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com